1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KRISTINE W. WATSON,                        No.  2:11-cv-2232 DAD

12                 Plaintiff,

13        v.                                     ORDER

14   CAROLYN W. COLVIN, Commissioner
     of Social Security,
15

16                 Defendant.

17

18        Plaintiff brought this action seeking judicial review of a final administrative decision

19   denying her application for disability benefits under Title II of the Social Security.  By order filed

20   September 21, 2012, plaintiff's motion for summary judgment was granted, the decision of the

21   Commissioner was reversed and the case was remanded for further proceedings.  (Dkt. No. 33.)

22   On November 18, 2013, counsel for plaintiff filed a motion for an award of attorney's fees

23   pursuant to 42 U.S.C. § 406(b).  (Dkt. No. 37.)

24        At the outset of the representation, plaintiff and her counsel entered into a contingent-fee

25   agreement.  (Ex. C (Dkt. No. 38-3) at 3.[1])  Pursuant to that agreement plaintiff's counsel now

26   seeks attorney fees in the amount of $12,090, which represents 25% of the retroactive disability

27   _____

28   [1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
     system and not to page numbers assigned by the parties.

                                                   1

1  benefits received by plaintiff on remand, for approximately 31.90 hours of attorney time

2  expended on this matter.  Defendant filed a response on December 3, 2013, (Dkt. No. 39), which

3  addresses the applicable factors relating to counsel's fee request but takes no position on the

4  reasonableness of the requested fee.

5          Attorneys are entitled to fees for cases in which they have successfully represented social

6  security claimants.

7              Whenever a court renders a judgment favorable to a claimant under
               this subchapter who was represented before the court by an
8              attorney, the court may determine and allow as part of its judgment
               a reasonable fee for such representation, not in excess of 25 percent
9              of the total of the past-due benefits to which the claimant is entitled
               by reason of such judgment, and the Commissioner of Social
10             Security may . . . certify the amount of such fee for payment to such
               attorney out of, and not in addition to, the amount of such past-due
11             benefits.

12  42 U.S.C. § 406(b)(1)(A).  "In contrast to fees awarded under fee-shifting provisions such as 42

13  U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing

14  party is not responsible for payment."  Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009)

15  (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)).  Although an attorney fee

16  award pursuant to 42 U.S.C. § 406(b) is not paid by the government, the Commissioner has

17  standing to challenge the award.  Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324,

18  328 (4th Cir. 1989).  The goal of fee awards under § 406(b) is to provide adequate incentive to

19  attorneys for representing claimants while ensuring that the usually meager disability benefits

20  received are not greatly depleted.  Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

21          The 25% statutory maximum fee is not an automatic entitlement, and the court must

22  ensure that the fee actually requested is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("[Section]

23  406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b)

24  instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25

25  percent boundary . . . the attorney for the successful claimant must show that the fee sought is

26  reasonable for the services rendered."  Id. at 807.  "[A] district court charged with determining a

27  reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee

28  arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"

2

1   Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793 & 808).  The Supreme Court has

2   identified five factors that may be considered in determining whether a fee award under a

3   contingent-fee arrangement is unreasonable and therefore subject to reduction by the court:  (1)

4   the character of the representation; (2) the results achieved by the representative; (3) whether the

5   attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits;

6   (4) whether the benefits are large in comparison to the amount of time counsel spent on the case;

7   and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for

8   noncontingent cases.  Crawford, 586 F.3d at 1151-52 (citing Gisbrecht, 535 U.S. at 808).  Below

9   the court will consider these factors in assessing whether the fee requested by counsel in this case

10   pursuant to 42 U.S.C. § 406(b) is reasonable.

11          Here, there is no indication that a reduction of fees is warranted due to any substandard

12   performance by counsel.  Rather, counsel is an experienced attorney who secured a successful

13   result for plaintiff.  There is also no evidence that plaintiff's counsel engaged in any dilatory

14   conduct resulting in excessive delay.  The court finds that the $12,090 fee, which represents 25 %

15   of the past-due benefits paid to plaintiff, is not excessive in relation to the benefits awarded.  (Ex.

16   B (Dkt. No. 38-2) at 1-5.)  In making this determination, the court recognizes the contingent fee

17   nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to

18   represent plaintiff on such terms.  See Hearn v. Barnhart, 262 F. Supp.2d 1033, 1037 (N.D. Cal.

19   2003).  Finally, counsel has submitted a detailed billing statement in support of the requested fee.

20          Accordingly, for the reasons stated above, the court concludes that the fees sought by

21   counsel pursuant to § 406(b) are reasonable.  See generally Azevedo v. Commissioner of Social

22   Security, No. 1:11-cv-1341 AWI SAB, 2013 WL 6086666, at *2 (E.D. Cal. Nov. 19, 2013)

23   (granting petition pursuant to 406(b) for $17,893.75 in attorney's fees); Coulter v. Commissioner

24   of Social Security, No. 1:10-cv-1937 AWI JLT, 2013 WL 5969674, at *2 (E.D. Cal. Nov. 8,

25   2013) (recommending award of $15,084.23 in attorney's fees pursuant to 406(b)); Taylor v.

26   Astrue, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting

27   petition pursuant to 406(b) for $20,960 in attorneys' fees); Jamieson v. Astrue, No. 1:09cv0490

28   /////

3

1   LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending award of $34,500 in

2   attorney fees pursuant to 406(b)).

3        An award of § 406(b) fees is, however, offset by any prior award of attorney's fees

4   granted under the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Gisbrecht, 535 U.S.

5   at 796.  Here, plaintiff's counsel was previously awarded $5,200 in EAJA fees (see Dkt. No. 36)

6   and the award under § 406(b) must be offset by that amount.

7        Accordingly, IT IS HEREBY ORDERED that:

8        1.  Plaintiff's motion for attorney fees (Dkt. No. 37) under 42 U.S.C. § 406(b) is

9   granted;

10       2.  Counsel for plaintiff is awarded $12,090 in attorney fees under § 406(b).  The

11  Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder of her

12  withheld benefits; and

13       3.  Upon receipt of the $12,090 in attorney fees pursuant to § 406(b), counsel shall

14  reimburse plaintiff in the amount of $5,200 previously paid by the government under the EAJA.

15  Dated:  March 11, 2014

16

17  _____

18  DAD:6                              DALE A. DROZD
    Ddad1/orders.soc sec/watson2232.attyfees.406(b).ord.docx      UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28